IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Southern Division)

| | | |
|---|---|---|
| JOHN DOE #7 AND JANE DOE #11 INDIVIDUALLY AND AS PARENTS AND NEXT FRIENDS OF JOHN DOE #8, A MINOR | * * | |
| Plaintiffs | * | |
| v. | | Civil Action No. : |
| | * | |
| BOARD OF EDUCATION OF PRINCE GEORGE'S COUNTY, *et al*. | * | |
| Defendants | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## NOTICE OF REMOVAL

CITY OF GLENARDEN (the "City"), ONE OF THE DEFENDANTS, by its undersigned counsel and pursuant to the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1441 and 1446, submits this Notice of Removal and in support thereof states:

1. Plaintiffs John Doe #7 and Jane Doe #11, individually and as parents and next friends of John Doe #8, a minor (collectively "Plaintiffs"), commenced a civil action in the Circuit Court of Prince George's County, Civil Case No. CAL-19-03969, by filing a Complaint on or about February 4, 2019. The City was not served with the Complaint but based on a subsequently received copy of the Complaint, the City was not named as a Defendant in the Complaint.

2. Plaintiffs filed an Amended Complaint on or about March 4, 2019. The City was not served with the Amended Complaint. Based on a subsequently received copy of the Amended Complaint, the City was not named as a Defendant in the Amended Complaint.

3. Plaintiffs then filed a Second Amended Complaint on or about April 4, 2019. The City was "served" with the Second Amended Complaint on or about April 9, 2019. The Second Amended Complaint includes a federal claim against the City. Specifically, Count XIV of the Second Amended Complaint alleges that the City violated John Doe #8's rights under the Fourth and the Fourteenth Amendment and purports to bring the claim through 42 U.S.C. § 1983.[1]

4. This Court has original federal question jurisdiction over this matter pursuant to 28 U.S.C. §1331, in that Plaintiffs are alleging a violation of John Doe # 8's rights under federal law; namely, that his rights under the Fourth and the Fourteenth Amendment were violated.

5. Copies of the Summons and the Second Amended Complaint and all other papers served on the City are attached hereto as **Exhibit A**. Pursuant to Local Rule 103.5, within thirty (30) days of the filing of this Notice of Removal, the City will file certified or attested copies of the Summonses, Complaint and docket entries filed in the Circuit

---

[1] The case concerns allegations that Defendant Carraway, while acting as a choir director for a youth choir and a volunteer at Judge Sylvania Woods Elementary School, sexually abused certain minors at a number of locations in Lanham, Maryland, including, but not limited to, the City of Glenarden's Municipal Building, Judge Sylvania Woods Elementary School and the Apartments at Glenreed owned by Defendant Glenreed Affordable, LLC and operated by Defendant Community Service Foundation Corp. a/k/a Community Services Foundation. Four cases are presently pending in this Court related to similar criminal activity by Defendant Carraway, including: *Ayana Andrews, et al. v. Board of Education of Prince George's County*, 8:19-cv-00706-PJM; *Monica Harley, et al. v. Board of Education of Prince George's County*, 8:19-cv-00709-PJM; *Doe #12 v. Prince George's County Board of Education et al.*, 8:19-cv-01307-PJM; and, *Doe # 13 v. Prince George's County Board of Education et al.*, 8:19-cv-01314-PJM.

Court for Prince George's County, Civil Case No. CAL-19-03969.

6. With the exception of Defendant Deonte Carraway, all other Defendants consent to this Notice of Removal. In addition to two (2) 42 U.S.C. § 1983 claims against Defendant Carraway, both allegedly based on violations of the Fourth and Fourteenth Amendments in Counts I and Count XIV, the Second Amended Complaint contains a federal claim against Defendant Michelle Williams (also named as a Defendant to Count I), and a federal claim against the Board of Education of Prince George's County ("the Board"), styled as a violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 *et seq.* in Count II.

7. The City takes the position that Defendant Carraway falls within the "nominal party" exception to the "rule of unanimity"[2] insofar as: (1) Defendant Deonte Carraway is currently a federal prisoner, Register Number 61899-037, in the custody of the Federal Bureau of Prisons at the United States Penitentiary, Tucson ("USP Tucson"), in Tucson, Arizona, and is serving a federal sentence of seventy-five (75) years and a concurrent Maryland sentence of one hundred (100) years; (2) he has no assets; (3) Defendant Carraway has refused to provide deposition testimony or to otherwise participate in the similar litigation despite being held in contempt by the Circuit Court for Prince George's County; (4) that based upon Defendant Carraway's refusal to participate in the related state court actions, he will default and refuse to participate in

---

[2] *See Hartford Fire Ins. Co. v. Harleysville Mut. Ins. Co.*, 736 F.3d 255 (4th Cir. 2013) (holding that consent to removal by nominal party is unnecessary).

this removed action as well; and (5) that, notwithstanding the above, only a federal court can compel Defendant Carraway's participation as the state court contempt order has proved ineffective. Additionally, undersigned counsel has been advised that Defendant Carraway has refused to either consent or object to removal of this case as he has refused to respond to Co-Defendant's counsel's efforts to enlist Defendant Carraway's in a discussion the subject. See April 17, 2019 email from the Federal Bureau of Prisons to Co-Defendant's Counsel Andrew G. Scott, Esquire, a copy of which is attached hereto as **Exhibit B**.

9. The Fourth Circuit has held that the nominal party exception to the rule of unanimity is a "straightforward inquiry: whether the non-removing party has an interest in the outcome of the case", *see Hartford Fire Ins. Co.*, 736 F. 3d at 261, and, as Defendant Carraway clearly has no interests at stake in this litigation and his consent for removal should not be necessary.

10. As the Fourth Circuit has explained, while the federal courts may differ slightly in their formulation of the test for the nominal party exception, all agree that removal and access to the federal courts should not be denied merely because an artful pleader has included a nominal party:

> The federal courts have, however, long recognized an exception to the rule of unanimity, which states that a nominal party need not consent to removal. See Charles Alan Wright et al., *14C Fed. Prac. & Proc. Juris.* § 3730 (4th ed.2009) (collecting cases). This "nominal party exception" ensures that only those parties with a palpable interest in the outcome of a case, and not those without any real stake, determine whether a federal court can hear a case. *See Tri–Cities Newspapers, Inc. v. Tri–Cities Printing Pressmen & Assistants' Local 349, Int'l Printing Pressmen & Assistants' Union of N.*

*Am.,* 427 F.2d 325, 327 (5th Cir.1970) ("[N]ominal or formal parties, being neither necessary nor indispensable, are not required to join in the petition for removal"). This exception helps to prevent a party from overriding congressionally prescribed bases for removal through strategic pleading.

This court has never defined a nominal party for purposes of the nominal party exception to the rule of unanimity necessary for removal. Courts outside of this circuit have devised various tests to define a nominal party. Some have required that a defendant be indispensable in order to avoid the nominal party exception. *See Ryan v. State Bd. of Elections of Ill.,* 661 F.2d 1130, 1134 (7th Cir.1981). Others have required only that a defendant be indispensable *or* necessary. *See Farias v. Bexar Cnty. Bd. of Trustees for Mental Health Mental Retardation Servs.,* 925 F.2d 866, 871 (5th Cir.1991); *Tri–Cities Newspapers,* 427 F.2d at 327. Both formulations appear to ask "whether in the absence of the [defendant], the Court can enter a final judgment consistent with equity and good conscience which would not be in any way unfair or inequitable to plaintiff." *Tri–Cities Newspapers,* 427 F.2d 325 at 327 (internal quotation marks omitted). Meanwhile, another line of case law provides that "[a] defendant is nominal if there is no reasonable basis for predicting that it will be held liable." *Shaw v. Dow Brands, Inc.,* 994 F.2d 364, 369 (7th Cir.1993), *holding modified by Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536 (7th Cir.2006); *see also Thorn v. Amalgamated Transit Union,* 305 F.3d 826, 833 (8th Cir.2002) (describing nominal defendants as "those against whom no real relief is sought") (internal quotation marks omitted); *Farias v. Bexar Cnty.,* 925 F.2d at 871 ("[T]he removing party must show ... that there is no possibility that the plaintiff would be able to establish a cause of action against the non-removing defendants in state court") (internal quotation marks omitted).

All these tests—in discussing indispensable parties, necessary parties, or what removing parties must show about non-consenting parties—may provide useful insights but they have strayed from the fundamental inquiry. They over-massage what ought to be a straightforward examination of the meaning of the word "nominal" and the reasons for having the nominal party exception. Nominal means simply a party having no immediately apparent stake in the litigation either prior or subsequent to the act of removal. In other words, the key inquiry is whether the suit can be resolved without affecting the non-consenting nominal defendant in any reasonably foreseeable way.

*Hartford Fire Ins. Co.*, 736 F.3d at 259–60.

11. As no one can genuinely communicate with Defendant Carraway to determine if he will consent to removal; and, as Defendant Carraway clearly will not be impacted in any way by a civil judgment for monetary damages, given the above authority, the City asserts that Defendant Carraway is clearly a nominal party.

12. Pursuant to the requirement of 28 U.S.C. § 1446(d), counsel for the City shall, promptly after the filing of this Notice of Removal, give written notice to all adverse parties and shall file a copy of this Notice with the Clerk of the Circuit Court for Prince George's County.

WHEREFORE, for the foregoing reasons, all of the Defendants who are not nominal parties in the above-captioned action consent to this request that this action now pending in the Circuit Court for Prince George's County be removed to the United States District Court for the District of Maryland, Southern Division.

Respectfully submitted,

KARPINSKI, COLARESI & KARP, P.A.

BY:     /s/
KEVIN KARPINSKI, #11849
CPF #: 9312150114
120 East Baltimore Street
Suite 1850
Baltimore, Maryland 21202-1617
410-727-5000
kevin@bkcklaw.com
*Counsel for City of Glen Arden, Maryland*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 9th day of May 2019, a copy of the foregoing Notice of Removal was sent via email by prior agreement of counsel to:

Timothy F. Maloney, Esquire
tmaloney@jgllaw.com
Matthew M. Bryant, Esquire
mbryant@jgllaw.com
Alyse L. Prawde, Esquire
aprawde@jgllaw.com
Joseph, Greenwald & Laake, P.A.
6404 Ivy Lane
Suite 400
Greenbelt, Maryland 20770

David M. Simpson, Esquire
dsimpson@davidsimpsonpa.com
David M. Simpson, P.A.
6404 Ivy Lane
Suite 408
Greenbelt, Maryland 20770
*Counsel for Plaintiffs*

Mark T. Foley, Esquire
mfoley@scblawyers.com
Sasscer, Clagett & Bucher
5407 Water Street, Suite 101
Upper Marlboro, Maryland 20772
*Counsel for Defendant Principal Michelle Williams*

Edmund J. O'Meally, Esquire
eomeally@pklaw.com
Andrew G. Scott, Esquire
ascott@pklaw.com
Kambon R. Williams, Esquire
kwilliams@pklaw.com
Pessin Katz Law, P.A.
901 Dulaney Valley Road, Suite 500
Towson, Maryland  21204
*Counsel for the Defendant Prince George's County Board of Education*

and by First Class United States Mail, postage prepaid, to:

D. Stephenson Schwinn, Esquire
s.schwinn@jocs-law.com
Jordan Coyne LLP
10509 Judicial Drive
Suite 200
Fairfax, Virginia 22030
*Counsel for Defendant Community Services Foundation Corporation A/K/A Community Services Foundations*

Glenreed Affordable, LLC
11200 Rockville Pike
Suite 250
Rockville, Maryland
*Defendant*

Deonte Carraway
Register #61899-037
USP Tucson
U.S. Penitentiary
P. O. Box 24550
Tucson, Arizona 85734
*Pro Se Defendant*

                                                    /s/ Kevin Karpinski
                                                    Counsel for City of Glenarden